UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| POURIA NAZARI, [1]<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, *et al.*,<br>Respondents. | CASE NO. 2:26-cv-01904-GJL<br><br>ORDER TO SHOW CAUSE OR AMEND |

Having reviewed the Petition and the relevant record, the Court concludes that clarification of Petitioner's claims is required before the Court may resolve the merits of this action.[2] Accordingly, on or before **August 31, 2026**, Petitioner **MUST either SHOW CAUSE** why the Court should proceed to resolve this action based solely on the claim asserted in the operative Petition **or FILE an amended petition** clearly identifying all claims he intends to pursue and the legal and factual basis thereof.

//

[1] Petitioner's name is incorrectly reflected as "Nazari Pouria" on the docket in this case. Accordingly, the Clerk of Court is **DIRECTED** to **UPDATE** the docket and case caption to correct this error.

[2] The Parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 5.

## I. BACKGROUND

Petitioner Pouria Nazari is currently detained by United States Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Petitioner initiated this action on June 1, 2026, by filing a Petition pursuant to 28 U.S.C. § 2241. Dkt. 1. Petitioner also immediately moved for appointment of counsel, Dkt. 4, which the Court granted. Dkt. 6. Thereafter, Attorney Gregory Murphy of the Federal Public Defender's Office filed a notice of appearance on Petitioner's behalf. Dkt. 8.

The Petition, which Petitioner prepared without the assistance of counsel, alleges that Petitioner's continued detention "without a bond hearing" violates his rights under the Due Process Clause and the Eighth Amendment. Dkt. 1 at 3. As relief, Petitioner requests either immediate release or a bond hearing at which Respondents bear the burden of demonstrating by clear and convincing evidence that continued detention is warranted based upon flight risk or dangerousness. *Id.* at 5.

In their Return, Respondents argue that Petitioner's detention is lawful under 8 U.S.C. § 1225(b), that Petitioner's detention has not become unreasonably prolonged under *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1117–118 (W.D. Wash. 2019),[3] and that Petitioner failed to exhaust his administrative remedies with respect to an alternative bond determination issued by an immigration judge ("IJ") on May 5, 2026. Dkt. 10; *see also* Dkt. 12-5 (check-box style bond order denying bond for lack of jurisdiction or, in the alternative, for flight risk). Respondents

[3] "*Banda* provides a set of criteria courts in this Circuit use in determining whether a noncitizen who is detained pursuant to 8 U.S.C. § 1225(b), and who has never been provided a hearing at which the Section 1226(a) factors are considered, is entitled to such a hearing." *K.G.M.Q. v. Bondi*, No. 2:26-CV-00506-TL, 2026 WL 962609, at *9 (W.D. Wash. Apr. 9, 2026)

further contend that the IJ's alternative flight-risk determination constitutes an independent lawful basis supporting Petitioner's continued detention. *Id.* at 10.

In the Traverse, Petitioner suggests the Court "could" conclude on the existing record that the IJ abused his discretion by failing to sufficiently explain the alternative bond determination. Dkt. 14 at 8. Petitioner further contends that, because he has "never had a hearing before an [IJ] who was empowered to consider his case and instructed how to apply the burden of proof," the Court "may" further conclude that an individualized bond hearing is the appropriate remedy in this case. *Id.* at 8–9.

## II. DISCUSSION

Generally, claims are expected to be presented in the operative petition. Nevertheless, district courts possess discretion to consider claims and arguments raised after the filing of a habeas petition, including claims first presented in a traverse. *Moore v. McVay*, No. 22-cv-02747-JST, 2023 WL 2541328, at *4 (N.D. Cal. Mar. 15, 2023) (citations omitted). Although the Traverse suggests Petitioner may intend to challenge the constitutional adequacy of his prior bond hearing on May 5, 2026, and the resulting alternative bond determination, it does not clearly identify the constitutional claim being asserted, the factual basis for that claim, or the relationship between that claim and Petitioner's allegation that his detention "without a bond hearing" is unconstitutional. *See* Dkt. 1 at 3. Under these circumstances, the Court concludes that the Traverse does not sufficiently identify or develop such a claim to permit the Court to exercise its discretion to treat it as supplementing the operative Petition.

## III. CONCLUSION

Accordingly, Petitioner **SHALL**, on or before **August 31, 2026**, accomplish one of the following:

1. **SHOW CAUSE** why the Court should not proceed to resolve this action based solely on the claim clearly alleged in the operative Petition; or

2. **FILE** an amended petition. Petitioner is advised that an amended petition will serve as a **complete substitute** for the original Petition. Accordingly, any claim Petitioner intends to pursue in this action must be included in the amended petition.

The Clerk is **DIRECTED** to **RENOTE** this matter for consideration on **August 31, 2026.**

Dated this 30th day of July, 2026.

Grady J. Leupold
United States Magistrate Judge