UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

POURIA NAZARI,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

CASE NO. 2:26-cv-01904-GJL

ORDER ENFORCING CONDITIONAL WRIT AND DIRECTING IMMEDIATE RELEASE

Petitioner Pouria Nazari is currently detained by U.S. Immigration and Customs Enforcement at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. On September 18, 2026, the Court found Petitioner's detention unlawful, granted his Amended Petition for habeas corpus relief, and entered a conditional order of release. Dkt. 22. Respondents have not satisfied the requirements of the conditional writ.

Accordingly, Petitioner's Motion to Enforce Judgment (Dkt. 24) is **GRANTED**, and Respondents are **ORDERED** to **RELEASE** Petitioner as outlined in the conclusion below.

## I. LEGAL STANDARD

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and...the traditional function of the writ is to secure release from illegal custody."

*Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "In modern habeas practice, courts often 'employ a conditional order of release,' which orders the government to release the petitioner unless it 'takes some remedial action' that corrects" the government's violation of the law. *Cardozo v. Bostock*, No. 2:25-cv-00871-TMC, 2025 WL 2592275, at *2 (W.D. Wash. Sept. 8, 2025) (quoting *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008)).

> Such conditional orders are essentially accommodations accorded to the state in that conditional writs enable habeas courts to give States time to replace an invalid judgment with a valid one. The consequence when the state fails to replace an invalid judgment with a valid one is always release.

*Harvest*, 531 F.3d at 742 (citation and quotations omitted). After issuing a conditional writ, a district court retains jurisdiction to ensure compliance with the writ and may order unconditional release if the government fails to comply with the initial habeas order. *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020).

## II. DISCUSSION

On September 18, 2026, the Court issued a conditional writ requiring Petitioner's release unless Respondents satisfied several specific conditions no later than October 6, 2026. Dkt. 22 at 24–25. The Court directed Respondents to provide Petitioner with a prompt, individualized bond hearing before an Immigration Judge ("IJ"), at which the Government bore the burden of proof by clear and convincing evidence. *Id.* at 24. The Court required that the Government create a neutral contemporaneous record of the proceedings and further required that the IJ prepare a contemporaneous written memorandum of any resulting bond denial decision outlining the IJ's reasoning, the evidence considered, and the application of the appropriate legal standards to the particular facts of Petitioner's case. *Id.* at 24–25. Finally, Respondents were directed to file a declaration demonstrating compliance with these requirements and to provide the Court with a copy of the IJ's written memorandum. *Id.*

Petitioner subsequently received a bond hearing before IJ Tammy Fitting. On September 29, 2026, Petitioner filed a Motion to Enforce Judgment, arguing that the remedial proceeding did not satisfy the requirements of the conditional writ. Dkt. 24. Petitioner also filed supporting evidence, which includes audio recordings of the bond proceeding, portions of the administrative record, and the resulting bond denial order issued by IJ Fitting on a standard check-box form. Dkts. 24-1, 24-2 (Audio Recordings of Bond Proceeding); Dkt. 26 (Administrative Record, sealed); Dkt. 24-4 (Bond Order). Shortly thereafter, Respondents filed a Declaration, which states that Petitioner was provided with a "constitutionally adequate bond hearing." Dkt. 28 (Declaration). Together with their Declaration, Respondents submitted the same check-box style bond order already submitted by Petitioner. Dkt. 28-1 (Bond Order).

The record before the Court confirms the concerns raised in Petitioner's Motion and demonstrates that enforcement of the conditional writ is warranted.

First, the IJ's bond order falls considerably short of the requirements of this Court's conditional writ. The check-box style order holds, in relevant part:

> [X ] ORDERED that the request for a change in custody status be denied. REMAINS AT NO BOND based on the following:
>
> * * *
>
> [ X] Flight Risk: The proceedings were recorded. The court considered all testimony and evidence. The court found DHS met its burden that the respondent was a flight risk due to limited time, ties, and lack of relief from removal. The court did not find respondent is a danger. The court will issue a memorandum of bond decision if there is an appeal of the order.
>
> * * *
>
> [X ] Ability to pay considered.

Dkt. 24-4 at 2–3; Dkt. 28-1 at 1–2.

The bond order does not identify what standard of proof was applied and therefore does not establish that IJ Fitting held the Government to the clear-and-convincing-evidence burden

expressly required by this Court. The bond order does not outline IJ Fitting's reasoning beyond identifying three generalized factors. The bond order does not identify the evidence upon which IJ Fitting relied or meaningfully engage with any particular evidence presented. The bond order does not demonstrate a rational application of the governing legal standards to the particular facts of Petitioner's case. In short, the bond order is not the contemporaneous written memorandum this Court ordered.

These are not merely technical deficiencies in the form of the IJ's bond order. The record also demonstrates that the underlying flight-risk determination suffers from substantially the same defects this Court identified in granting habeas relief in the first instance.

The IJ relied first on Petitioner's perceived lack of relief from removal. Dkt. 24-4 at 3; Dkt. 28-1 at 2. This Court already held that the perceived weakness or absence of available immigration relief, without more, does not rationally establish that Petitioner is likely to abscond and that IJ Fitting's prior reliance on that factor to deny bond was an abuse of discretion. Dkt. 22 at 11–16. Indeed, this Court's habeas Order appears to have been entered into the record of the remedial bond proceedings and was thus readily available for IJ Fitting's review. Dkt. 24-1 at 00:39–01:00. Nevertheless, IJ Fitting again relied upon essentially the same consideration without explaining how, in light of this Court's Order and the other evidence before her, that Petitioner's alleged "lack of relief from removal" demonstrated that he was likely to flee by clear and convincing evidence. Dkt. 24-4 at 3; Dkt. 28-1 at 2.

IJ Fitting's remaining references to Petitioner's "limited time" and "ties" fare no better. Dkt. 24-4 at 3; Dkt. 28-1 at 2. Those factors, stated at such a high level of generality, do not demonstrate an individualized assessment of Petitioner's likelihood of appearing for future proceedings. Worse yet, the evidentiary record before the IJ contained considerable support for the opposite conclusion. Despite having spent nearly two years detained in the United States,

Petitioner submitted evidence that he has developed meaningful ties to the community and has realistic avenues for attaining stability upon release. Dkt. 24-2 at 00:15–04:20, 06:13–07:38; *see also* Dkt. 26. He identified family members and community members who were willing to provide immediate support and to assist him as he establishes long-term stability in the United States. Dkt. 24-2 at 01:50–0345. Some of these individuals were physically present at the remedial bond proceedings. Dkt. 24-2 at 03:20–03:40.

It was undisputed that Petitioner has no criminal history, Dkt. 24-2 at 03:45–04:14, and that he would be eligible to seek employment authorization upon release, *id.* at 02:56–03:12. Petitioner also presented evidence that his wife remains in immigration detention and that engaging in removal proceedings and complying with any condition of release would permit Petitioner to maintain contact with her. *Id.* at 02:25–02:55, 06:35–06:54. These circumstances demonstrate clear avenues for Petitioner to attain stability upon release and provide concrete incentives for him to remain available to immigration authorities and continue participating in his removal proceedings.

Thus, the problem is not merely that IJ Fitting's bond order inadequately explains an otherwise supportable bond determination, which is by itself grounds for enforcement of the conditional writ. On the record before the Court, IJ Fitting's flight-risk finding also does not rationally follow from the evidence presented. The problem runs deeper still—these defects substantially replicate those that necessitated habeas relief in the first place. The remedial bond proceeding therefore appears to have been little more than a *pro forma* exercise: the resulting bond order repeats a rationale this Court had already found legally insufficient, adds generalized considerations largely undermined by the evidentiary record, and offers no meaningful explanation of how the Government established flight risk by clear and convincing evidence.

The Court's conditional writ required that Petitioner receive an individualized bond determination applying the correct legal standard to the particular facts and evidence presented. The proceeding that followed bears few of the hallmarks of the individualized bond determination this Court ordered. Respondents have not satisfied the conditional writ, and Petitioner is entitled to immediate release.

## III. CONCLUSION

For the forgoing reasons, the Court **ENFORCES** the conditional writ entered on September 18, 2026, and **ORDERS** as follows:

(1) Petitioner's Motion to Enforce Judgment (Dkt. 24) is **GRANTED**;

(2) Respondents **SHALL** release Petitioner Pouria Nazari under reasonable conditions of release within **SIX HOURS** of the issuance this Order; and

(3) Respondents **SHALL** file a declaration with the Court within **twenty-four hours** of this Order, confirming that Petitioner has been released from immigration detention and providing the date and time of his release.

Dated this 6th day of October, 2026.

Grady J. Leupold
United States Magistrate Judge